UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 12-1236

IN RE: REQUEST FROM THE UNITED KINGDOM
PURSUANT TO THE TREATY BETWEEN THE GOVERNMENT OF THE
UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE
UNITED KINGDOM ON MUTUAL ASSISTANCE IN CRIMINAL
MATTERS IN THE MATTER OF DOLOURS PRICE,

UNITED STATES,

Petitioner – Appellee

v.

TRUSTEES OF BOSTON COLLEGE, ET AL.,

Movants – Appellants

## MOTION OF BOSTON COLLEGE TO AMEND OPINION

Appellants Trustees of Boston College and two of its representatives, Robert K. O'Neill, the Librarian of the John J. Burns Library at Boston College, and Boston College University Professor Thomas E. Hachey (collectively, "Boston College"), move this court to make the following amendments to its opinion dated May 31, 2013:

1. Slip pp. 5-6, carryover sentence states that Boston College gave the Hughes materials, in addition to the Price materials, to the commissioner after the district court's ruling on December 27, 2011.

2. That sentence should be amended to reflect that fact that the Hughes materials had been produced in response to the initial subpoenas, before the district court's December 27, 2011, ruling. Boston College produced the Hughes materials in response to the initial subpoenas because Hughes had died and the confidentiality undertaking no longer applied to his materials. *United States v. Trustees of Boston College*, 831 F. Supp. 2d 435, 436 (D. Mass. 2011).

3. Slip pp. 23-24, carryover sentence states that Boston College performed an initial search of transcripts of interviewees associated with the IRA using search terms the government had provided.

4. That sentence should be amended to reflect that fact that Boston College made no initial search of the IRA transcripts. Instead, as required by the district court's December 16, 2011, order, Boston College turned all of the IRA transcripts over to the district court for its *in camera* review. The search Boston College undertook with the government's search terms was of transcripts of interviewees associated with the Ulster Volunteer Force. See Jt. App. 160-61 (the UVF is referred to there as the "Protestant side"). See also second page of letter dated December 27, 2011 (D. 37).

5. Slip pp. 25-26, in discussing interviews with interviewee "R," refers to a total of 17 interview transcripts, and orders that 15 not be produced. Those references should be amended because there were only 16 interview transcripts with "R" (one with "P" had been mislabeled as "R," as the court noted at the top of Slip p. 25), and the referenced numbers should be "16" and "14" instead of, respectively, "17" and "15."

6. The government assents to the changes requested in ¶¶ 2 and 4.

7. The government does not oppose the changes requested in ¶ 6, but does not assent to them because the government has not had access to the interview transcripts that are the subject of that request.

By their attorney,

/s/ Jeffrey Swope
Jeffrey Swope (BBO# 490760)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
(617) 239-0100
jswope@edwardswildman.com

Dated:    July 16, 2013

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 16, 2013.

/s/ Jeffrey Swope