UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 12-1236

IN RE: REQUEST FROM THE UNITED KINGDOM
PURSUANT TO THE TREATY BETWEEN THE GOVERNMENT OF THE
UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE
UNITED KINGDOM ON MUTUAL ASSISTANCE IN CRIMINAL
MATTERS IN THE MATTER OF DOLOURS PRICE,

UNITED STATES,

Petitioner – Appellee

v.

TRUSTEES OF BOSTON COLLEGE, ET AL.,

Movants – Appellants.

_____

**OPPOSITION OF BOSTON COLLEGE TO
GOVERNMENT'S PETITION FOR PANEL REHEARING**
_____

Appellants Trustees of Boston College and two of its representatives, Robert K. O'Neill, the Librarian of the John J. Burns Library at Boston College, and Boston College University Professor Thomas E. Hachey (collectively, "Boston College"), oppose the government's Petition for Panel Rehearing, which the government styles as a request that this court modify its May 31, 2013 opinion in this appeal. By order dated August 8, 2013, this court directed Boston College to file this response.

The government's Petition for Panel Rehearing ("Petit.") asserts that in its May 31, 2013 opinion this court decided an issue – that federal courts have the authority to quash MLAT subpoenas – that Boston College did not raise in its appeal, that the government did not brief, and that this court was barred from deciding on law of the case grounds because it reached a different conclusion in a related case.

None of these assertions warrants a rehearing by the court or rewriting this court's May 31, 2013 opinion.  Boston College did not raise the authority issue on appeal because it was not aggrieved by the district court's decision, which accepted Boston College's argument that federal courts have authority to quash MLAT subpoenas and that expressly rejected the government's argument that they did not. The government in its appellate brief did in fact did address the issue, and did so in a contradictory fashion that, in the end, acknowledged federal courts' authority. Finally, this court's decision in the related case expressly reserved judgment on the issue, so there was no law of the case that this court should have considered in deciding Boston College's appeal.

**Argument**

In this Opposition, Boston College will show that this court properly decided the issue of federal court's authority to quash MLAT subpoenas that was in fact presented to it, that had been briefed by the government, and that was not subject

to any law of the case in the prior decision in a related case. Boston College will then show that there is no precedent that supports the government's attempt to segregate quashing a subpoena from determining the scope of enforcement of a subpoena.

I. **THIS COURT NEITHER REACHED AN ISSUE NOT PRESENTED ON APPEAL NOR NOT BRIEFED BY THE GOVERNMENT, AND THE ISSUE WAS NOT FORECLOSED BY LAW OF THE CASE.**

The government's contentions that this court reached an issue not presented to it by Boston College and not briefed by the government, and that the law of the case foreclosed its decision on the issue, are not accurate.

A. **Boston College Was Not Aggrieved By The District Court's Decision That The District Court Had Authority To Quash The US-UK MLAT Subpoenas And Therefore Did Not Appeal From That Decision.**

In the district court, the government's Opposition to Boston College's Motion to Quash acknowledged that federal courts have "discretion" to quash MLAT subpoenas in "narrowly defined" situations. D. 7 at 5-9.[1] In its Reply, Boston College argued in favor of federal courts' authority to quash such subpoenas, citing *In re 840 140th Ave. NE,* 634 F.3d 557, 572 (9th Cir. 2011), for the proposition that, as a result of the Constitution's separation of powers, the US-

---

[1] Adopting the convention used by the government in its Petition for Rehearing (at 6 n.2), references to filings in the district court are identified by their docket numbers ("D."), and references to Boston College's opening brief as appellant, the government's responsive brief as appellee, and Boston College's reply brief in this appeal are identified as "Br:," "GBr:," and "Reply:," respectively.

UK MLAT could not oust federal courts of the authority to quash subpoenas issued pursuant to that MLAT.  D. 10 at 3-4.

In its December 16, 2011 decision, the district court stated that it "wholeheartedly agree[d]" with that position.  *United States v. Trustees of Boston College*, 83 F. Supp. 2d 435, 445 (D. Mass. 2011).  But the district court held that it did not have to reach the constitutional question decided by the Ninth Circuit in *In re 840 140th Ave. NE* in order to find authority to quash the subpoenas before it in this case.  Instead, the district court harmonized the language of the US-UK MLAT at issue here and of 18 U.S.C. § 3512, the statute the government elected to use to enforce the US-UK MLAT subpoenas issued to Boston College in this case.  The Ninth Circuit decision in *In re 840 140th Ave. NE* involved a different MLAT and a different, earlier, enforcement statute, 18 U.S.C. § 1782, which the Ninth Circuit found would deprive federal courts of authority to quash subpoenas.  The Ninth Circuit therefore preserved judicial authority by deciding that case on constitutional grounds.

Reading the US-UK MLAT and 18 U.S.C. § 3512 together, the district court in this case held that it did have authority to review Boston College's motion to quash the subpoenas seeking to compel production of materials from the Belfast Project archives, without resorting to constitutional grounds.  83 F. Supp. 2d at 449.  The district court then held that, while it would not quash the US-UK

MLAT subpoenas in their entirety, it would in response to Boston College's motion to quash conduct an *in camera* review to determine the scope of enforcement of the subpoenas. *Id.*

The government asserts that Boston College did not appeal from the district court's decision of December 16, 2011, and did not ask this court to address what the government calls the district court's "discretion" to quash. Petit. 4, 14. Boston College was not aggrieved by the district court's ruling on this issue. Boston College therefore had no grounds to appeal from that ruling, and no reason to ask this court to reach a different result.

The district court subsequently ruled, after its *in camera* review, that Boston College had to produce the interview materials of Dolours Price (D. 38), and Boston College elected not to appeal from that order. When the district court subsequently ordered the production of certain interview materials of eight additional interviewees (D. 47), Boston College filed this appeal. (D. 57).

**B. The Government Did Argue The Issue Of The District Court's Authority To Quash The US-UK MLAT Subpoenas In This Appeal, And Took Inconsistent Positions On That Issue.**

The government claims in its Petition that it did not brief the issue of the district court's authority to quash the US-UK MLAT subpoenas in this appeal. Petit. 1 and 11. That assertion is not correct. The government did elect not to argue the issue in the related case decided by this court in *In re Dolours Price*, 685

F.3d 1 (1st Cir. 2012).  Petit. 4 (stating that the government "bypassed" that issue in that other appeal).  But in this appeal, the government did brief the issue, and took contradictory positions, concluding with one that, in substance, this court adopted in its May 31, 2013 opinion.

In its responsive brief in this appeal, the government acknowledged that it had not appealed from the ruling below that the district court had authority to quash the US-UK MLAT subpoenas, explaining that the government "was satisfied with the result reached by the district court."  GBr: 18 n.10.  But the government nonetheless asserted in its responsive brief that the district court had no discretion to consider Boston College's objections to the subpoena under either the US-UK MLAT or 18 U.S.C.§ 3512, and that the treaty "reserves the authority to take these actions [to decline, delay, or narrow the request] to the Attorney General, *not the courts* [citation omitted, italics added]."  GBr: 18.  The government went on to say that, "[t]o the extent courts retain discretion," that discretion should be narrowly exercised.  In support of that contention, the government cited the same Ninth Circuit decision, *In re 840 140th Ave. NE*, 634 F.3d 557 (9th Cir. 2011), on which Boston College based its argument in the district court for that court's authority to quash MLAT subpoenas (see p. 3, above).  The government's responsive brief in this appeal then concluded that, while the government believed this court was "not require[d]" to address the issue, if it did so,

> "it is the United States' position that the district court's discretion is limited to evaluating whether the issuance of a subpoena would offend some constitutional guarantee or violate a recognized federal privilege."

GBr: 18 & n. 10.

It is puzzling that the government now seeks in its Petition for Rehearing a rewriting of this court's May 31, 2013 opinion to remove language confirming the authority of federal courts to quash MLAT subpoenas, when recognition of that authority is not substantially different from what the government in its responsive brief said is the "United States' position" on the issue. This court's decision apparently describes the nature of the courts' authority in more robust terms than the government likes, even though this court in its May 31, 2013 opinion did "recognize the importance here of 'the governmental and public interest in not impeding criminal investigations,'" 718 F.3d at 23 (quoting *In re Dolours Price*, 685 F.3d 1, 18 (1st Cir. 2012).

The briefing history in this appeal shows that the government did have the opportunity to address, and actually did address, the issue of federal courts' authority to quash MLAT subpoenas. This history further shows that the government in its responsive brief did acknowledge that federal courts have "discretion" – which presupposes authority – to quash MLAT subpoenas. This history requires rejection of the government's request now that the court rewrite its May 31, 2013 opinion to expunge the court's decision on this issue.

This court based its decision that federal courts have authority to quash MLAT subpoenas on the same constitutional principles enunciated by the Ninth Circuit in *In re 840 140th Ave. NE*. That basis is different from the one on which the district court found such authority in this case, which relied on the language of the US-UK MLAT and 18 U.S.C.§ 3512. 83 F. Supp. 2d at 449. While the district court stated its "wholehearted[]" agreement with the Ninth Circuit's decision (see p. 4, above), it concluded that it did not have to reach the constitutional issues in order to find the necessary authority to review Boston College's motion to quash.

It is black-letter appellate law, of course, that a decision of a district court may be upheld by a court of appeals on grounds different from those relied on by the court below. See, *e.g.*, *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994). In this appeal, it was natural for this court to uphold federal courts' authority to quash MLAT subpoenas on the same constitutional grounds on which the Ninth Circuit based its decision in *In re 840 140th Ave. NE*, because that precedent was not only the one asserted by Boston College for that authority (D. 10 at 3-4), but also the one cited by the government itself in its responsive brief in this appeal (GBr: 18).

### C. This Court Was Not Precluded On Law Of The Case Grounds From Deciding The Issue Of Federal Courts' Authority To Quash MLAT Subpoenas.

As an alternative basis for its request for rehearing and rewriting of this court's opinion, the government asserts that this court "arguably was precluded from reaching the issue on law of the case grounds," because it had "affirm[ed] the district court's denial of BC's motion to quash in *In re Dolours Price I*. . . ." Petit. 11. That contention is wrong. The principle of law of the case does not preclude a court from reaching a different conclusion from one announced at an earlier stage of a case. *Messinger v. Anderson*, 225 U.S. 436, 444 (1912) (Holmes, J.) ("the phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power [citations omitted]").

But the government has no basis for invoking the law of the case in the first place. As the government itself acknowledges elsewhere in its Petition, this court in *In re Dolours Price* "did not decide whether the district court had discretion . . . 'to quash the subpoenas,' holding instead that no valid grounds for quashing were presented." Petit. 4-5 (citing, correctly, this court's decision in that case, 685 F.3d at 14 ("we have no occasion to pass on these assumptions [about the district court's discretion to quash] and *caution that we are not deciding any of these issues*

[italics added]).  See also this court's decision in this case, 718 F.3d at 21 ("in *In re Dolours Price*, we explicitly declined to pass judgment upon the question of federal court discretion to review motions to quash subpoenas under the US-UK MLAT [footnote omitted]").

Whatever application law of the case principles may have in other situations, they have none here, because *In re Dolours Price* made no prior law on the issue of federal courts' authority to quash MLAT subpoenas.

## II. THE GOVERNMENT'S PURPORTED DICHOTOMY BETWEEN QUASHING A SUBPOENA AND DETERMINING WHICH DOCUMENTS MUST BE PRODUCED IN RESPONSE TO A SUBPOENA DOES NOT EXIST.

When Boston College asked the district court to review the Belfast Project interview transcripts to determine the scope of enforcement of the US-UK MLAT subpoenas, it did so in the form of a motion to quash those subpoenas.  D. 5.  The government tries to characterize both the district court's and this court's rulings that refused to order production of certain transcripts as not related to the courts' authority to quash the US-UK MLAT subpoenas, but instead merely the result of *in camera* reviews to determine what materials need to be produced in "disputed matters."  Petit. 10.

That contention ignores the fact that both the district court (83 F. Supp. 2d at 445) and this court (718 F.3d at 21) agreed that they had first to decide whether federal courts have authority to quash such subpoenas before ruling on Boston

College's request. Only after confirming that authority did both courts determine that the subpoenas should not be enforced for numerous transcripts (in this court's decision, many more transcripts than the district court ordered not be produced).

The government cites three cases in support of its contention that the district court's and this court's decisions were not based on their conclusion that federal courts have authority to quash MLAT subpoenas. None of those cases has any relevance to the proceedings here. In *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596 (1982), the issue was whether court proceedings in sex-offense prosecutions could be closed to protect child victims. In *Georgia v. McCollum*, 505 U.S. 42 (1992), the issue was the examination of prosecutors' reasons for exercising peremptory challenges to minority jurors pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). And in this court's decision in *United States v. Prochilo*, 629 F.3d 264 (1st Cir. 2011), the issue was prosecutors' duty to disclose exculpatory evidence to defense counsel pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

The correct reference points are not these inapposite situations, but decisions that federal courts make about which materials must be disclosed when claims of privilege or other special sensitivity are made. In those cases, the courts conduct their review based on motions to quash brought by the recipient of the subpoenas. See, *e.g.*, *United States v. LaRouche Campaign*, 841 F.2d 1176, 1177 (1st Cir.

1988). Unless those courts had authority to decide those motions to quash, the decisions in those cases regarding the scope of enforcement to the subpoenas could not have been made. Similarly in this case, this court first had to confirm the authority of federal courts to quash MLAT subpoenas before it could determine the scope of enforcement of the US-UK MLAT subpoenas to Boston College.

## Conclusion

For the foregoing reasons, Boston College asks this court to:

- deny the government's request to delete the third sentence and modify the fourth sentence of the third paragraph of section II.B of the court's May 31, 2013 opinion, because Boston College did in fact present the issue of the district court's authority to quash the US-UK MLAT subpoenas when it asked the district court to determine the scope of enforcement of those subpoenas, and both the district court and this court agreed they needed to decide that authority issue before determining for which transcripts the subpoenas should be enforced;

- deny the government's request to rewrite the fourth paragraph of section II.B of the court's May 31, 2013 opinion, because the original text of the opinion is essentially[2] correct,

---

[2] Boston College respectfully disagrees with this court's characterization, in the first sentence of the fourth paragraph of section II.B, that Boston College in its reply brief "abandoned" the arguments it made in its opening brief. Rather, the

- deny the government's request to delete the fifth paragraph of section II.B and all of section II.C of the court's May 31, 2013 opinion, because this court needed to address the issue of the district court's authority to quash US-UK MLAT subpoenas before it could determine that the production of many of the transcripts compelled by the district court should not be upheld,

- deny the government's request to delete the first paragraph of section II.D of the court's May 31, 2013 opinion, for the same reason.

By their attorney,

/s/ Jeffrey Swope
Jeffrey Swope (BBO# 490760)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
(617) 239-0100
jswope@edwardswildman.com

Dated:     August 22, 2013

---

arguments Boston College made in its reply brief demonstrated that its appeal from the district court's January 20, 2012 decision ordering Boston College to produce 85 transcript volumes for eight interviewees was not "foreclosed," as the government's responsive brief contended (G.Br: 15-16), by this court's decision in *In re Dolours Price*, which was issued after Boston College filed its opening brief. This court's May 31, 2013 decision, reversing the district court's order that Boston College produce interview materials for one interviewee and a total of 74 transcript volumes for that interviewee and seven others, demonstrated that Boston College's appeal survived *In re Dolours Price*.

- 14 -

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 22, 2013.

        /s/ Jeffrey Swope